UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ARCH INSURANCE COMPANY,
a Missouri corporation,

                                          **Plaintiff,**

  v.                                           Civil Action No.: _____

WATERMARK ENVIRONMENTAL, INC.,
a Massachusetts corporation,

       SERVE:       Corporation Service Company
                         Registered Agent
                         100 Shockoe Slip, Fl. 2
                         Richmond, VA 23219-4100

JOHN J. HALEY

       SERVE:       52 Clark Road
                         Lowell, MA 01852

KRISTINE J. HALEY

       SERVE:       52 Clark Road
                         Lowell, MA 01852

JOSEPH G. SPANGENBERGER

       SERVE:       35 Arborway Drive
                         Scituate, MA 02066

   and

PATRICIA M. SPANGENBERGER

       SERVE:       35 Arborway Drive
                         Scituate, MA 02066

                                          **Defendants.**

# COMPLAINT

The plaintiff, Arch Insurance Company, by counsel, in accordance with Rule 3 of the *Federal Rules of Civil Procedure*, states the following as its Complaint against defendants Watermark Environmental, Inc., John J. Haley, Kristine J. Haley, Joseph G. Spangenberger, and Patricia M. Spangenberger.

## THE PARTIES

1. Arch Insurance Company ("Arch") is a corporation duly organized and existing under the laws of the State of Missouri which maintains its principal place of business in the State of New Jersey. Arch is duly authorized to engage in the surety business in the Commonwealth of Virginia and serves as a contract bond surety for Watermark Environmental, Inc.

2. Defendant Watermark Environmental, Inc. ("Watermark"), is and was, at all times pertinent to this proceeding, a corporation organized and existing under the laws of the Commonwealth of Massachusetts, where it also maintains its principal place of business.

3. Defendant John J. Haley ("Mr. Haley") is and was at all times pertinent to this proceeding an individual citizen of the Commonwealth of Massachusetts who, upon information and belief, resides at 52 Clark Road, Lowell, Massachusetts 01852. At all times pertinent to this proceeding, Mr. Haley served as the president and treasurer of Watermark, and was and continues to serve as a personal indemnitor of Arch.

4. Defendant Kristine J. Haley ("Mrs. Haley") is and was at all times pertinent to this proceeding an individual citizen of the Commonwealth of Massachusetts who, upon information and belief, resides at 52 Clark Road, Lowell, Massachusetts 01852. At all times pertinent to this proceeding, Mrs. Haley served and continues to serve as a personal indemnitor

of Arch.

5.      Defendant Joseph G. Spangenberger ("Mr. Spangenberger") is and was at all times pertinent to this proceeding an individual citizen of the Commonwealth of Massachusetts who, upon information and belief, resides at 35 Arborway Drive, Scituate, Massachusetts 02066. At all times pertinent to this proceeding, Mr. Spangenberger served as the secretary of Watermark, and was and continues to serve as a personal indemnitor of Arch.

6.      Defendant Patricia M. Spangenberger ("Mrs. Spangenberger") is and was at all times pertinent to this proceeding an individual citizen of the Commonwealth of Massachusetts who, upon information and belief, resides at 35 Arborway Drive, Scituate, Massachusetts 02066. At all times pertinent to this proceeding, Mrs. Spangenberger served and continues to serve as a personal indemnitor of Arch.

## JURISDICTION AND VENUE

7.      This Court has diversity jurisdiction under the provisions of 28 U.S.C. § 1332 because (1) Arch is a citizen of the States of Missouri and New Jersey, and (2) all defendants are citizens of the Commonwealth of Massachusetts. The amount in controversy exceeds $75,000, exclusive of costs and interest.

8.      Venue in this Court is proper as it is specifically conferred by the provisions of 28 U.S.C. § 1391 as Watermark is doing business in and a substantial part of the events, acts and/or omissions giving rise to the claims raised by this Complaint occurred and continue to occur within this district and division.

## STATEMENT OF FACTS

9.      In this Complaint, Arch seeks to enforce its unconditional rights as surety under an indemnity agreement, which entitles it to be indemnified by the defendants for any and all liability

3

for losses and/or expenses, including attorneys' fees, in relation to contract payment bonds it issued, as surety, in connection with the construction of two federal projects in Virginia and Rhode Island.

10. On or about October 9, 2015, Watermark, as principal and corporate indemnitor, and Mr. Haley, Mrs. Haley, Mr. Spangenberger, and Mrs. Spangenberger, in their individual capacities as personal indemnitors (Watermark, Mr. Haley, Mrs. Haley, Mr. Spangenberger, and Mrs. Spangenberger are sometimes collectively referred to as the "Indemnitors") entered into a written General Indemnity Agreement ("GIA"), a true and accurate copy of which is attached as Exhibit 1 and is incorporated by reference as if specifically set forth in this Complaint.

11. Under the terms and conditions of the GIA, each of the Indemnitors, jointly and severally, agreed to exonerate, indemnify, and keep indemnified Arch from and against any and all liability for losses, costs, expenses, and fees of whatever kind or nature, that Arch may sustain or incur as a result of executing or procuring any surety bond on behalf of Watermark, including but not limited to legal, professional, consulting, and expert fees, as well as any such losses, fees, costs and expenses incurred in enforcing the GIA.

12. In reliance upon the terms and conditions of the GIA, Arch considered and approved the requests of Watermark for the issuance of contract payment and performance bonds on at least two federal projects in Virginia and Rhode Island. In each instance, and in accordance with the Miller Act, 40 U.S.C. § 3131, *et seq.*, and the terms and conditions of its general contracts with the United States Government (the "Government"), Watermark furnished to the Government its contract payment and performance bonds for each of the respective projects. The bonds were issued by Arch, as surety, naming Watermark as its principal and co-obligor, and the appropriate Government body as its obligee. Each of the payment bonds was issued for the protection of all persons who qualify as proper claimants and who supplied labor, materials, equipment, goods or

services directly to Watermark or one of its subcontractors in connection with the construction of the project for which it was issued. The projects for which contract bonds were issued include the following:

    a. P-183 DB Indoor Dynamic Range Project
       Joint Expeditionary Base Little Creek – Fort Story, Virginia Beach, VA
       Contract No. N40085-16-C-6146
       ("Little Creek Project")

          Obligee:    United States of America
          Bond No.:   SU1134184
          Bond Date:  March 16, 2016
          Amount:    $13,216,283

    b. Consolidate SWOS Trainers A138 and B1164 Project
       Naval Station Newport -- Newport, RI
       Contract No. N40085-14D-5227
       ("Newport Project")

          Obligee:    United States of America
          Bond No.:   SU1134190
          Bond Date:  October 7, 2016
          Amount:    $3,964,589

These projects are referred to herein as the "Projects." Copies of the contract payment bonds for (a) the Little Creek Project and (b) the Newport Project are attached as Exhibits 2A and 2B, respectively.

       13.    In connection with the performance of its obligations to the Government under the contracts to which reference is made in ¶ 12 above, Watermark entered into various subcontracts and/or purchase orders with numerous subcontractors, materialmen, and/or laborers. Notwithstanding its contractual obligations to its subcontractors, materialmen, and/or laborers, Watermark refused or failed to pay some of them for the labor, materials, and/or services they furnished in connection with the work on the Projects.

       14.    Arch was named as a defendant in three separate federal lawsuits by

subcontractors alleging that Watermark failed to pay them for the labor and materials furnished on the Projects, and seeking to recover under the respective payment bonds issued by Arch. The payment bond claims Arch has received thus far include claims from the following entities in connection with the following Projects:

    a. Little Creek Project
       Bond No. SU1134184

        i. On May 20, 2019, Champco Inc. t/a Power Electric Co. ("Power Electric") initiated that matter styled *United States f/u/b/o Champco, Inc. t/a Power Elec. Co. v. Arch Ins. Co. & Watermark Environmental, Inc.*, No. 2:19-cv-00268-RAJ-RJK (E.D. Va. Norfolk Div.), asserting claims against the Little Creek Project payment bond in the amount of (1) $352,925.53 for Watermark's alleged failure to pay for labor and materials furnished under an electrical subcontract; and (2) $89,133.85 for Watermark's alleged failure to pay for labor and materials furnished under a security subcontract. Arch investigated the claim, including review of extensive documents exchanged in discovery, and after partial summary judgment was awarded in favor of Power Electric against Watermark, Arch agreed to pay the sum of $406,000.00 to Power Electric in full settlement of all of its claims relating to the Little Creek Project. A true copy of the June 26, 2020 Settlement and Release Agreement between Arch and Power Electric is attached as Exhibit 3. Arch paid the settlement funds to Power Electric as agreed and the litigation has been dismissed.

        ii. On October 10, 2019, Tindall Corporation ("Tindall") initiated that matter styled *United States f/u/b/o Tindall Corp. v. Watermark Environmental, Inc. & Arch Ins. Co.*, No. 2:19-cv-00544-AWA-LRL (E.D. Va. Norfolk Div.), asserting a claim against the Little Creek Project payment bond in the amount of $117,000 for

Watermark's alleged failure to pay for labor and materials furnished under a subcontract to provide architectural precast concrete panels. Arch investigated the claim and agreed to pay the sum of $105,000.00 to Tindall in full settlement of all of its claims relating to the Little Creek Project. A true copy of the June 1, 2020 Settlement and Release Agreement between Arch and Tindall is attached as Exhibit 4. Arch paid the settlement funds to Tindall as agreed and the litigation has been dismissed.

    b. Newport Project
       Bond No.: SU1134190

       i. On February 3, 2020, N&T Mechanical Contractors, Inc. ("N&T") initiated that matter styled *United States f/u/b/o N&T Mech. Contractors, Inc. v. Watermark Environmental, Inc. & Arch Ins. Group, Inc.*, No. 1:20-cv-00052-MSM-PAS (D.R.I.), asserting a claim against the Newport Project payment bond in the amount of $67,948.90 for Watermark's alleged failure to pay for labor and materials furnished under an HVAC mechanical systems subcontract. Arch investigated the claim and agreed to pay the claim in full settlement of all of N&T's claims relating to the Newport Project. A true copy of the May 26, 2020 General and Final Release executed by N&T is attached as Exhibit 5. Arch paid the settlement funds to N&W as agreed and the litigation has been dismissed.

    15. As a result of the claims Arch has received in the form of the lawsuits described above, Arch (a) has suffered losses in the total amount of $578,948.90 under the payment bonds; and (b) has incurred and continues to incur attorneys' fees, costs, and expenses, which as of June 30, 2020 totaled $49,160.96 (add WCS June time). Arch continues to incur attorneys' fees, costs, and expenses in relation to the instant litigation, all of which the Indemnitors bear

responsibility to reimburse Arch for under the GIA.

16. As a result of its receipt of payment bond claims as set forth above and based upon the information then available to it, and in accordance with the terms and conditions of the GIA, Arch on April 6, 2020 asserted its demand that the Indemnitors provide collateral in the amount of $650,437.24. A true and accurate copy of the April 6, 2020 letter asserting the collateral demand is attached as Exhibit 6 and is incorporated by reference as if fully set forth in this Complaint.

17. The Indemnitors have failed and refused to provide the requested collateral and are therefore in breach of the GIA.

18. In § 4 of the GIA, the Indemnitors, jointly and severally, promised, among other things, that:

> If [Arch] determines, in its sole discretion and judgment, that potential liability exists for losses, fees, costs, or expenses, for which the [Indemnitors] will be obligated to indemnify [Arch] under the terms of this Agreement…, [the Indemnitors] shall deposit with [Arch], promptly on demand, a sum of money equal to the amount [Arch] determines or collateral security of a type and value satisfactory to [Arch], to cover that liability, whether or not [Arch] has: (a) established a reserve; (b) made any payments; or (c) received any notice of claims under the Bonds. … Indemnitors acknowledge that the failure of Indemnitors to pay to [Arch], immediately upon demand, the sum demanded by [Arch] hereunder, shall cause irreparable harm to [Arch] for which [Arch] has no adequate remedy at law. Indemnitors agree that [Arch] shall be entitled to temporary, preliminary and final injunctive relief for specific performance of their obligations hereunder, including the obligation to pay to [Arch] the sum demanded, and waive any defenses thereto.

Ex. 1, GIA, p. 3.

19. Arch has called upon Watermark, Mr. Haley, Mrs. Haley, Mr. Spangenberger, and Mrs. Spangenberger to specifically perform and fulfull their contractual obligations to exonerate, indemnify, and collateralize it in accordance with the terms and conditions of the GIA.

20. Notwithstanding Arch's demands, and their contractual obligations to honor those demands under the terms and conditions of the GIA, Watermark, Mr. Haley, Mrs. Haley, Mr. Spangenberger, and Mrs. Spangenberger have wholly failed and otherwise refused to provide the collateral required by Arch's collateral demand, to exonerate Arch by procuring the discharge of the various bonds, or indemnify it for the losses it has sustained.

21. Under the terms and conditions of the GIA, Arch is entitled (a) to be fully exonerated and indemnified by Watermark, Mr. Haley, Mrs. Haley, Mr. Spangenberger, and Mrs. Spangenberger, jointly and severally.

22. Watermark, Mr. Haley, Mrs. Haley, Mr. Spangenberger, and Mrs. Spangenberger are in Default as defined in the GIA because (1) Watermark has failed to pay when due its obligations to Power Electric, Tindall, and N&T; and (2) failed to honor their obligations to exonerate, indemnify and collateralize Arch. *See* Ex. 1, GIA, p. 2, ¶ 1(g).

23. As a result of its issuance of the contract payment bonds to which reference is made above, and the failure and refusal of Watermark, Mr. Haley, Mrs. Haley, Mr. Spangenberger, and Mrs. Spangenberger to fulfill their obligations under the GIA, Arch has sustained and continues to incur significant damages for which the Indemnitors are jointly and severally liable.

### COUNT I
### BREACH OF CONTRACT

24. Arch restates and incorporates the allegations as set forth in ¶¶ 1 through 23 above as if specifically set forth in this paragraph.

25. Under the terms and conditions of the October 9, 2015 GIA, the Indemnitors, jointly and severally, are obligated to exonerate, indemnify and keep Arch indemnified from and against any and all liability, losses, costs, expenses, and attorneys' fees incurred as a result of the

issuance of any bond on behalf of Watermark.

26. As a result of Arch's issuance of the contract payment bonds on behalf of Watermark, Arch (a) has received, compromised, and paid claims under its various payment bonds, and (b) has incurred and expects to incur additional attorneys' fees, costs, and expenses.

27. The Indemnitors' failure and/or refusal to exonerate, indemnify, and collateralize Arch under the terms and conditions of the GIA constitutes a default and material breaches of contract, the direct and natural result of which has caused Arch to sustain significant damages.

WHEREFORE, Arch seeks judgment against Watermark Environmental, Inc., John J. Haley, Kristine J. Haley, Joseph G. Spangenberger, and Patricia M. Spangenberger, jointly and severally, in the principal amount of $628,109.86 or those sums which the evidence may otherwise establish, plus all interest at the pre-judgment rate on each payment, costs, expenses, and attorneys' fees, as well as post-judgment interest on the entire sum until paid, all as provided by the terms and conditions of the GIA.

**COUNT II**
**BREACH OF FIDUCIARY DUTY**

28. Arch restates and incorporates the allegations as set forth in ¶¶ 1 through 27 above as if specifically set forth in this paragraph.

29. Under the terms and conditions of the GIA, the Indemnitors agreed and expressly declared that:

> all funds due or to become due under any Bonded Contract are trust funds, whether in the possession of [Watermark] or another and whether designated trust funds or not, for the benefit and payment of all persons to whom [Watermark] incurs obligations in the performance of such contract, for which [Arch] may be liable under any Bond.

GIA, Ex. 1, p. 6, § 25.

30. Under the terms and conditions of the GIA and its corresponding trust fund

provision, Watermark, Mr. Haley, Mrs. Haley, Mr. Spangenberger, and Mrs. Spangenberger owe a fiduciary duty to Arch to preserve the integrity of the contract funds on each Project, and to apply them solely for the payment of Watermark's obligations to its subcontractors, materialmen, laborers, service providers and/or rental equipment providers on each of the applicable contracts, and for the performance of the obligations of Watermark and/or Arch under the contracts and/or bonds.

31. Additionally, if and to the extent that Watermark has become insolvent, John J. Haley and Joseph G. Spangenberger, as officers of Watermark, as well as the other Indemnitors, had a fiduciary duty to protect the interests of Watermark's creditors when it became known that Watermark was insolvent or becoming insolvent.

32. If and to the extent the Indemnitors have failed to fulfill their fiduciary duties and the various contract funds have been used for purposes other than their intended purpose, or the funds are being or have been commingled, then Watermark, Mr. Haley, Mrs. Haley, Mr. Spangenberger, and Mrs. Spangenberger have breached their fiduciary duties, which breaches are material in nature and have caused damage to Arch.

WHEREFORE, Arch seeks judgment against Watermark Environmental, Inc., John J. Haley, Kristine J. Haley, Joseph G. Spangenberger, and Patricia M. Spangenberger, jointly and severally, in the principal amount of $628,109.86, or those sums which the evidence may otherwise establish, plus all interest at the pre-judgment rate on each payment, and its attorneys' fees, costs and expenses, as well as post-judgment interest on the entire sum until paid, all as provided by the terms and conditions of the GIA.

Respectfully submitted,

**ARCH INSURANCE COMPANY**

By Counsel

/s/ Thomas J. Moran
Richard T. Pledger (VSB No. 28192)
Thomas J. Moran (VSB No. 71296)
WRIGHT, CONSTABLE & SKEEN, LLP
301 Concourse Boulevard
Suite 120, West Shore III
Glen Allen, VA  23059
Telephone:	(804) 362-9434
Facsimile:	(804) 441-9250
e-mail:	rpledger@wcslaw.com
	tmoran@wcslaw.com